IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEDDY PECORA, ) | |
| ) | |
| Plaintiff, ) | No. 1:21-cv-01391 |
| ) | |
| v. ) | |
| ) | |
| MONSANTO COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *Heddy Pecora v. Monsanto Company*, bearing case number 2021-L-001062, from the Circuit Court of Cook County, Illinois, Law Division to the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

**Introduction**

1. In this products liability lawsuit, Plaintiff Heddy Pecora sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection

Agency repeatedly has concluded that glyphosate does not cause cancer – including as recently as January 2020. Nevertheless, Plaintiff alleges that she developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto's glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is an Illinois citizen. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## Background And Procedural History

4. Plaintiff commenced this lawsuit in the Circuit Court of Cook County, Illinois, Law Division by filing a Complaint, captioned *Heddy Pecora v. Monsanto Company*, case number 2021-L-001062, on or about January 29, 2021 (the "State Court Action").

5.	Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action are attached as **Exhibit 1**. Plaintiff seeks damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 13, 112-13 (Count I), 126-28 (Count I), 112-13 (Count II), 126-28 (Count II).

## Basis For Removal – Diversity Jurisdiction

6.	Plaintiff is, and was at the time the State Court Action was filed, an Illinois resident and citizen. *See* Complaint ¶¶ 2, 10, 125 (Count I), 125 (Count II); Westlaw Report Regarding Heddy Pecora (excerpts attached as **Exhibit 2**).

7.	Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

8.	The Complaint seeks damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff to develop cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

9. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff and Monsanto, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## **Procedural Requirements**

10. The Circuit Court of Cook County, Illinois, Law Division is located within the Northern District of Illinois. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

11. Monsanto received notice of process in the State Court Action on February 10, 2021. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of February 10, 2021.

12. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court of Cook County, Illinois, Law Division and will be promptly served on Plaintiff.

13. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

14. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

**Conclusion**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: March 12, 2021                                          Respectfully submitted,

                                                                                          **MONSANTO COMPANY**

Riley C. Mendoza (#6314666)
Peter F. O'Neill (#6324429)                   By: /s/ *Riley C. Mendoza*
**SHOOK, HARDY & BACON L.L.P.**              One of Its Attorneys
111 S. Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
Email: rmendoza@shb.com
         pfoneill@shb.com

## **CERTIFICATE OF SERVICE**

I, Riley C. Mendoza, an attorney, hereby certify that on **March 12, 2021**, I caused a true and complete copy of the foregoing **DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL** to be electronically filed with the Court via the Court's ECF system. I further certify that I emailed a copy of same upon the following counsel of record:

>Kenneth T. Lumb
>Michael D. Ditore
>Britney R. Pennycook
>**CORBOY & DEMETRIO, P.C.**
>33 North Dearborn Street, 21st Floor
>Chicago, IL 60602
>Telephone: (312) 346-3191
>ktl@corboydemetrio.com
>mdd@corboydemetrio.com
>brp@corboydemetrio.com
>ccfiling@corboydemetrio.com

                                                  /s/ *Riley C. Mendoza*